## MURPHY v. CITIZENS DISCOUNT CORPORATION.

Common Pleas Court, Jefferson County.

No. 39843. Decided January 16, 1950.

Yonkee & Murphy, Charles Snyder, Jr., Steubenville, on behalf of the plaintiff.

Bernard T. McCann, Steubenville, on behalf of the defendant.

### OPINION

By GRIESINGER, J.

The plaintiff in his petition says that the defendant is a corporation and engaged in the business of lending money to the general public; that he purchased a 1941 Ford sedan for $925.00, a 1940 Chevrolet sedan for $675.00, and a 1941

Chevrolet coupe for approximately $600.00, and in accordance with the floor plan financing arrangement executed and delivered three promissory notes in said amounts and turned over to the defendant the certificates of title for said vehicles; that he was unable to sell said vehicles and signed in blank and left with the defendant the certificates of title to said automobiles in accordance with an understanding with the defendant that said notes would thereby be fully satisfied and discharged, and the defendant is now claiming $663.77 and threatens suit and so forth to collect the same.

Plaintiff prays for temporary injunction to prevent the defendant from taking judgment and collecting said sum; that it be determined that the plaintiff is not indebted to defendant and said notes be ordered cancelled and delivered over to plaintiff.

Plaintiff also prays for temporary and permanent injunction and other relief. Temporary injunction was granted upon filing suit.

To the petition of plaintiff defendant filed an answer and cross-petition, in which it admitted that the plaintiff purchased said automobiles, and that the plaintiff executed to the defendant three promissory notes to finance the same and that the defendant claims there is due it $663.77 with interest at eight percent per annum.

Defendant also admitted taking possession of said vehicles, and that it is a corporation engaged in making loans and was so at all times mentioned in plaintiff's petition.

Defendant then denied all the other allegations of plaintiff's petition.

Defendant in its cross-petition, in substance, says that on January 6, 1947, the plaintiff executed his note to the defendant in the sum of $885.00 with interest at the rate of eight percent per annum. No payments were made on said note. The defendant was required to pay storage bill in the sum of $20.00 and repair bills in the sum of $365.00 to put said automobile in salable condition. The 1941 Chevrolet automobile was, on April 26, 1948, sold for $885.00. There is now due defendant the sum of $385.00 with interest at eight percent per annum from April 26th, 1948, on said note.

Defendant also says that on July 31, 1947, the plaintiff executed and delivered to defendant his promissory note in the sum of $908.40 with interest at eight percent per annum; that no payment was made on the note, and the 1941 Ford was sold for $805.00 on March 18, 1948. Defendant paid for repairs in the sum of $130.00, leaving a balance of $278.77, with interest at the rate of eight percent per annum from March 18, 1948.

Defendant prays for judgment in the sum of $663.77.

To the defendant's answer and cross-petition the plaintiff filed what he termed an answer to cross-petition, and in which the plaintiff says that the promissory notes set forth in the defendant's cross-petition are unenforcible, illegal and void for the reason that the defendant has charged and is attempting to collect a sum of money in addition to the amount which it is permitted by law to collect from the plaintiff, who is one of its borrowers.

The plaintiff also denied the matters set forth in the defendant's cross-petition and prayed that the promissory notes sued on in defendant's cross-petition be held void, unenforcible and defendant's cross-petition be dismissed.

The evidence in this case disclosed that the plaintiff is a corporation, organized and existing under the laws of Ohio, and that it also has a small loan license issued by the State of Ohio, Department of Commerce, Division of Securities, No. 46-612, for the purpose of carrying on a small loan business at Steubenville, Ohio.

The evidence also disclosed that on January 6, 1948, the plaintiff executed his promissory note in the sum of $885.00 with interest at eight percent per annum and purchased a 1941 Chevrolet. The plaintiff at said time also executed and delivered to the defendant a chattel mortgage on said vehicle to secure the payment of said note.

That on July 31, 1947, the plaintiff purchased a 1941 Ford for $908.40 and executed his promissory note to the defendant for a loan in said sum with interest at eight percent per annum. The plaintiff also executed and delivered to the defendant a chattel mortgage on said vehicle to secure the payment of said note. Plaintiff's Exhibit 1.

These chattel mortgages, according to the testimony, each contained a proviso empowering the mortgagee to sell at public or private sale and "out of the proceeds thereof to retain and pay said note with interest and other proper charges and to pay the expenses of said sale, including expenses incurred in the taking possession of and keeping said property, and to pay any and all liens that may be thereon, having priority over this mortgage, paying charges for placing such goods and chattels in good salable condition, rendering the surplus money, if any, to the mortgagor."

The evidence also disclosed that the plaintiff made no payment to the defendant on these loans but later the plaintiff executed in blank bills of sale for the above cars and they were sold for the prices set forth in the pleadings.

There was no serious attempt on the part of the plaintiff to show that the defendant did not secure a reasonable price for these automobiles when they were sold. There is a serious dispute and conflict in the testimony as to whether or not plaintiff and defendant agreed, when plaintiff turned over to defendant each of the bills of sale, it was in satisfaction and discharge of the promissory notes in question.

Now there is no question but that the defendant is a corporation, licensed to engage in the business of lending money under the small loan act of Ohio and was so engaged at its place of business, at 317 Washington Street, Steubenville, Ohio, at the time of the transactions in question in this case, and is not exempt under §8624-51(b).

In addition to the eight percent interest provided in said notes the defendant has attempted and is attempting to collect in this action storage charges and also repair bills which is claimed were necessary for it to pay to secure possession of one vehicle and to pay in order to put the other vehicle in salable condition, as provided in said chattel mortgages. These charges, together with the eight percent interest provided in the note, would amount to more than the defendant would have been permitted to charge as licensee under the provisions of the small loan act.

The defendant claims that said loans were not made by it as a licensee under the small loan act but instead were made by it under its general corporate powers to lend money.

Defendant says the loans in question were made by it pursuant to §8303 GC which permits the charge of interest at a rate not exceeding eight percent per annum; that this loan is controlled by the provisions of §8303 GC and not by the provisions of the small loan act and, therefore, these loans would not be void under the law of Ohio.

In this case the evidence clearly established there were three separate and distinct loans, each loan being for less than one thousand dollars but together amounting to more than one thousand dollars, and the Court so finds. This being so, in the opinion of the Court, §8624-51 GC applies. This section reads as follows:

"(a) No person shall engage in the business of lending money, credit, or choses in action in amounts of one thousand dollars or less and exact, contract for, or receive, directly or indirectly, on or in connection with any such loan, any charges which in the aggregate are greater than the interest that the lender would be permitted by law to charge for

a loan of money if he were not a licensee under this act, except as provided in and authorized by this act and without first having obtained a license from the division.

"(b) Anything in this act to the contrary notwithstanding, the same shall not apply to any person doing business under and as permitted by any law of this state or of the United States, relating to banks, savings banks, savings societies, trust companies, credit unions, savings and loan associations substantially all the business of which is confined to loans on real estate mortgages and evidences of their own indebtedness, or licensed pawnbrokers, but licensed pawnbrokers may be licensed hereunder.

"(c) The provisions of subsection (a) of this section shall apply to any person, who by any device, subterfuge, or pretense whatsoever shall charge, contract for, or receive greater interest, consideration, or charges than is authorized by section (a) hereof for any such loan or use of money or for any such loan, use or sale of credit, but nothing herein shall preclude the acquiring, directly, or indirectly, by purchase or discount, of a bona fide obligation for goods or services when such obligation is payable directly to the person who provided such goods or services. The refinancing or extension of any existing obligation with charges greater than eight percent per annum shall be considered a loan within the meaning of this act.

"(d) Any person and the several members, officers, directors, agents, or employees thereof who shall violate any provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punishable by a fine of not more than five hundred dollars nor less than one hundred dollars for the first offense or by a fine of not more than one thousand dollars nor less than two hundred dollars or by imprisonment of not more than six months, or by both such fine and imprisonment in the discretion of the court for a second or subsequent offense. Any contract of loan in the making or collection of which an act shall have been done which violates this section shall be void and the lender shall have no right to collect, receive, or retain, any principal, interest, or charges whatsoever."

It must be remembered that the defendant admitted, and the undisputed facts established, that the defendant was engaged in the business of lending money in amounts less than one thousand dollars, so whether the defendant acted as a licensee or under its general corporate powers it did make the two loans in question, each of which was for less than a

thousand dollars, and each of which was a separate and distinct transaction, and it was forbidden by the quoted section to contract for or receive, directly or indirectly, on account of such loan "any charges which in the aggregate are greater than the interest that the lender would be permitted by law to charge for any loan of money if he were not a licensee under this act."

The defendant, not exempt under §8624-51(b) GC, is engaged in the business of lending money in amounts of one thousand dollars or less, and in this case is charging and attempting to collect charges greater than the defendant would be permitted to charge as a licensee or under the general corporate powers under the provisions of the small loan act, and the Court so finds.

Sec. 8624-51, subsection (c), GC, among other things, provides: "(c) The provisions of subsection (a) of this section shall apply to any person, who by any device, subterfuge, or pretense whatsoever shall charge, contract for, or receive greater interest, consideration, or charges than is authorized by section (a) hereof."

Sec. 8624-51, subsection (d), GC, among other things, provides: "Any contract of loan in the making or collection of which an act shall have been done which violates this section shall be void and the lender shall have no right to collect, receive, or retain, any principal, interest, or charges whatsoever."

Sec. 8624-62, subsection (c) GC, provides: "(c) If any charges in excess of those permitted by this act shall be charged or received, except as the result of an unintentional error of computation, the contract of loan and all papers in connection therewith shall be void and the licensee and any assignee of such contract shall have no right to collect or receive any principal or charges whatsoever. Any charges paid in excess of those provided in this section may be recovered by the payer in an action at law."

The defendant corporation is a person, as defined in §8624-50, subsection (a) GC.

The word "charges" is defined several times in this act. Sec. 8624-50, subsection (a) GC, provides: "The word 'charges' shall include interest and all manner of compensation for any examination, service, brokerage, commissions, bonus, or other thing and reimbursement of any expense incurred that

may be paid by a borrower to a lender or in anywise on his behalf or any benefit the lender may receive from a collateral contract with the borrower or his or her spouse except insurance commissions when the lender is a duly licensed insurance broker or agent as hereinafter provided, and except the fees actually paid out by a licensee to any public official for filing or recording in a public office any instrument securing the loan."

Also §8624-65, subsection (b) GC, provides that: "Any profit or advantage of any kind whatsoever that any licensee or other person may contract for * * * or in anywise obtain by any collaterial sale, purchase * * * shall be deemed to be charges for the purposes of regulation under this act * * *."

The fact that a licensee is limited in the amount it can charge in any part of an indebtedness for one or more than one loan of money, if the amount of such indebtedness is in excess of one thousand dollars, as provided in §8624-64 GC, would not remove the transactions in the instant case from the provisions of §8624-51(a) GC, which provides that no person shall engage in the business of lending money in amounts of one thousand dollars or less, and exact, contract for, or receive, directly or indirectly, any charges which are greater than the interest the lender would be permitted by law to charge.

If one, not exempt under §8624-51(b) GC, engages in the business of lending money in amounts of one thousand dollars or less whether he does so as a licensee under the small loan act or as a private person or corporation, he cannot charge, directly or indirectly, more than he would be permitted by law to charge, and any attempt to do so would be a violation of §8624-51 GC and render such loan void as "the lender shall have no right to collect, receive, or retain, any principal, interest, or charges whatsoever."

The Court, therefore, finds under the above sections of the General Code that the two notes set forth in defendant's cross-petition are void, and unenforcible and the temporary injunction is made permanent. In view of this conclusion it is not necessary for the Court to pass on the disputed question of fact as to whether or not the certificates of title to the vehicles in question were given to the defendant in full satisfaction of any claim that the defendant had against the plaintiff.

Defendant's cross-petition is dismissed and the costs assessed against the defendant. Special entry.